Brady, J.
Section 21 of the Bankrupt Law provides that “ no creditor, whose debt is provable under this act, shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor’s discharge shall have been determined.”*
The discharge which was granted the defendant affects the plaintiffs’ debt.
It is true that the section referred to contemplates an application by the debtor for a Stay under its provisions, unless the creditor proves his debt which operates as a stay, and that in strictness the defendant herein should have applied for such stay, but it was a matter of form of which the defendant himself cannot be supposed to have known. Ignorance of the law excuses not, it is true, but it bears upon the exercise of discre *214 tion, often with great force, when the mercy of the court is invited, and it will not in this case operate to the defendant’s prejudice, but in a limited sense.
The failure of the defendant to disclose his principal may not prejudice the plaintiffs. He has been named in the proceedings in bankruptcy, and the plaintiffs may pursue him and recover their debt.
Whether this be so or not, the defendant will be relieved, but only upon payment of the costs in this action which accrued subsequent to the filing of his petition, and $10 costs of this motion. I do not think the circumstances arrayed against the defendant warrant a refusal to relieve him.
Ordered accordingly.

 The remainder of the provision, is as follows : “And any such suit or proceeding shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge, provided, there be no unreasonable delay on the part of the bankrupt in endeavoring to obtain the discharge, and provided also, that if the amount due the creditor is in dispute, the suit, by leave of the court in bankruptcy, may proceed to judgment for the purpose of ascertaining the amount due, which amount may be proved in bankruptcy, but execution shall be stayed as aforesaid.”
It was held in Matter of Rosenburg (1 Bened. D. Ct., 349, note), that this provision applies even to fiduciary and other debts which would not be affected by the discharge.